# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**JORDAN ANTONIO JARRELL,**

    **Plaintiff,**

                                              Civil Action 2:18-cv-691
                                              Judge Michael H. Watson
                                              Magistrate Judge Elizabeth P. Deavers

**JANE/JOHN DOE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiff filed his Complaint on July 12, 2018, but failed to either pay the requisite $400 filing fee or file an application for leave to proceed without prepayment of fees. (ECF No. 1.) On July 16, 2018, the Court issued a Deficiency Order directing Plaintiff to pay the fee or submit an appropriate application to proceed *in forma pauperis* within thirty days. (ECF No. 2.) On July 24, 2018, Plaintiff filed his self-styled Writ of Error, which does not address the Court's Order or remedy Plaintiff's deficiency. Plaintiff has not otherwise responded to the Court's Deficiency Order.

    This matter is, therefore, before the Court for consideration of Plaintiff's failure to comply with its Deficiency Order and failure to prosecute. It is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

    The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R. Co.*, 370 U.S. 626, 629B31 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties. "*Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

Because Plaintiff has failed to comply with the Court's Order, it is **RECOMMENDED** that the Court dismiss this case without prejudice.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: August 17, 2018                                  */s/ Elizabeth A. Preston Deavers*
                                                              ELIZABETH A. PRESTON DEAVERS
                                                              UNITED STATES MAGISTRATE JUDGE